UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **QUENTIN D TRENT ET AL** | **CASE NO. 2:24-CV-01214** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED TRUST INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Allied Trust's Motion to Dismiss Plaintiffs' Claims as Prescribed Under FRCP 12(b)(6)" (Doc. 7) wherein Plaintiffs, Quentin D. Trent and Orelia Lawdins Trent move to dismiss Plaintiffs' claims for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiffs allege that Hurricane Laura damaged their property on or about August 26, 2020.[1] Allied Trust Insurance Company ("Allied Trust") insured the subject property during the relevant time period. Plaintiffs allege that Allied Trust underestimated, underpaid and untimely paid their alleged claims.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as

---

[1] Doc. 1.

matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Allied Trust moves to dismiss Plaintiffs' claims as prescribed. Allied Trust relies on the following policy provision:

> **H. Suit Against Us**
> No action can be brought against us unless there has been full compliance with all of the terms under Section **I** of this policy and the action is started ***within two years after the date of loss***.[2]

Allied Trust argues that pursuant to the policy language, Plaintiffs were required to file suit by August 26, 2022. Plaintiffs filed the instant lawsuit in state court on June 30, 2024.[3]

---

[2] Defendant's exhibit A-1.
[3] Doc. 1-1.

The Court notes that Plaintiffs allege that "Defendant issued payments after September 1, 2022, and acknowledged and agreed that additional payments were due to Plaintiffs under the policy coverage."[4] Plaintiffs also allege that "Defendant continued to adjust Plaintiffs' ongoing claim . . ." and Defendant's communications span through January of 2024, at which time Defendant denied the claim, . . ."[5]

In *Hafner v. State Farm Fir & Casualty Co.*, Civ. Action 2:23-1054 (W.D. La. 11/20/2024), the undersigned ruled that a "plaintiffs' homeowner's insurance policy was nonetheless statutory, and 'as a prescriptive period, the prescribed time limitation herein is subject to **all** the laws governing liberative prescription,' and 'thus the laws with respect to interruption and suspension apply, including LSA-C.C.P. art. 596.'" Citing *Taranto v. Louisiana Citizens Property Ins. Corp.*, 62 So.3d 721, 732 (La. 2011) (prescriptive period was statutory and thus subject to ordinary rules of interruption and suspension and GeoVera's unconditional payment of portions of the claim constituted an 'acknowledgment' interrupting prescription'" abrogating the line of Fourth Circuit cases previously relied on this matter, which held (1) such tenders could not constitute acknowledgment because they were required under law, *see Lila, Inc. v. Underwriters at Lloyd's, London*, 994 So.2d 139, 145–46 (La. Ct. App. 4th Cir. 2008); and (2) the prescriptive periods were not subject to interruption at any rate because they were contractual rather than statutory, *see Wolfe World LLC v. Stumpf*, 43 So.3d 311, 316 (La.

---

[4] Petition for Damages, Doc. 1-1, ¶ 21.
[5] *Id.* ¶ 20.

Ct. App. 4th Cir. 2010). *Caldwell v. GeoVera Spec. Ins. Co.*, 2024 WL 4245493 (W.D. La. Sep. 19, 2024), *reconsideration denied*, 2024 WL 4710376 (W.D. La. Nov. 7, 2024).

However, Allied Trust contends that the alleged payment in September 2022, is after the 2-year prescriptive period of August 26, 2022, and thus cannot interrupt prescription. *Settoon Marine, Inc. v. Great Lakes Dredge & Dock co.*, 657 So.2d 537, 539 (La. App. 4 Cir. 6/7/95). Plaintiffs have attached exhibits that appear to establish that payments were made prior to the August 26, 2022, prescriptive period as well as after that prescriptive period.[6] Plaintiffs allege that Allied Trust "issued some payments but failed to timely issue all payments due under applicable coverage sections when sufficient proof of loss was provided.[7] They also allege the Allied Trust engaged in deceptive practices and intentionally, arbitrarily, capriciously and without just cause denied Plaintiffs' claims.[8]

Plaintiffs also rely on a January 2024, letter[9] from Allied Trust that denies any further claims by Plaintiffs due to the policy's 2-year prescription period. The Court cannot consider any evidence outside of the pleadings on a Rule 12(b)(6) motion. The Court also notes that Plaintiff does not specifically allege that Allied Trust made any payments prior to the August 26, 2022, 2-year prescriptive period.[10] Here, as in *Hafner*, supra, the Court will allow Plaintiffs to amend their Complaint to address this deficiency. However, the Court advises Plaintiffs that it cannot consider evidence outside the pleadings on a Rule

---

[6] Doc. 11-1, Doc. 11-2.
[7] Doc. 1-1, ¶ 18.
[8] *Id.* ¶ 22.
[9] Doc. 11-14.
[10] The Court would use August 27, 2020, as the date that Hurricane Laura made landfall and caused property damage.

12(b)(6) motion unless it if fairly incorporated within the Complaint and matters susceptible to judicial notice. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). As noted by Allied Trust, the insurance policy is referenced in Plaintiffs' Petition for Damages and is the source of Plaintiffs' alleged rights in this suit.

## CONCLUSION

For the reasons explained herein, the Court will deny Allied Trust's Motion to Dismiss Claims as Prescribed Under FRCP 12(b)(6) and allow Plaintiff to Amend their Petition for Damages to cure the deficiencies noted herein.

**THUS DONE AND SIGNED** in chambers on this 7th day of October, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**